UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| ASHLEY TUCKER, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 1:21-cv-00417-HAB-SLC ) |
| FAMILIA DENTAL FORT WAYNE PLLC, | ) ) ) ) |
| Defendant. | ) |

**MEMORANDUM OF LAW IN SUPPORT OF**
**MOTION FOR SUMMARY JUDGMENT**

Defendant, Familia Dental Fort Wayne, PLLC ("Familia"), by and through its attorneys, for its Memorandum of Law in Support of its Motion for Summary Judgment states:

**INTRODUCTION**

Plaintiff was Familia's *only* Senior Office Manager in the Indiana region, including no comparable male counterpart. The majority of Familia's employees are female, including the office manager Plaintiff supervised, as well as the Senior Regional Operations Manager, Brittany Chambers, who supervised Plaintiff. Chambers terminated Plaintiff after she failed to follow Chambers' instructions to counsel a subordinate employee with another manager present, and then lied (or, at minimum, Chambers believed Plaintiff lied) about the counseling session, including in an email Plaintiff sent Chambers through another subordinate employee's email, misrepresenting the date a second individual was present for the counseling. Plaintiff concedes that she is not aware of any other Senior Office Manager with a similar disciplinary incident that was treated differently. Accordingly, Plaintiff cannot establish a *prima facie* case for her gender and pregnancy discrimination claims; and, even if she could, Familia had legitimate, non-discrimination reasons for terminating her. As a result, summary judgment should be granted.

1

## STATEMENT OF MATERIAL FACTS

*Plaintiff Becomes Senior Office Manager*

Plaintiff began her employment with Familia on August 10, 2015. [Def. SOF #1].[1] Familia is an independently owned and operated professional limited liability company organized under the umbrella of dental practices managed by Familia Development, LLC (an Illinois limited liability company). [Def. SOF #2]. Plaintiff's first position with Familia was as a dental assistant. [Def. SOF #3]. In July 2017, Plaintiff became an Office Manager over Familia's Fort Wayne Coldwater location where she worked. [Def. SOF #4]. In the beginning or middle of 2020, Plaintiff became Familia's Senior Office Manager for the Indiana region, overseeing Miranda Ringel, the female manager for the other Familia Fort Wayne location, and two other Familia Indianapolis locations. [Def. SOF #5]. At that time, Plaintiff began reporting to Brittany Chambers, Familia's female Senior Regional Operations Manager. [Def. SOF #6]. Plaintiff found Chambers to be very supportive and provided her good direction. [Def. SOF #7].

*Previous Discipline*

During her employment, Familia placed Plaintiff, then an Office Manager, on a performance improvement plan based upon, among other things: abrasive communications with doctors; avoiding speaking to doctors; belittling office staff; poor office cleanliness, and having her children present in the office. The performance improvement plan stated, "[f]ailure to address these issues will result in further disciplinary actions that may include termination." [Def. SOF #8].

---

[1] All references listed are to Familia's separately submitted Local Rule 56.1 Statement of Material Facts ("SOF").

*Termination Incident*

On January 24, 2021, Chambers asked Plaintiff to counsel a subordinate employee for attendance issues, including that, at minimum, someone be present for the consultation to act as a witness. [Def. SOF #9]. Plaintiff believes Chambers merely suggested that Ringel, the junior Office Manager, be present for the consultation, but understands Chambers believed she instructed Plaintiff to have a manager (Ringel) present. [Def. SOF #10]. Regardless, contrary to the instruction that someone be present as a witness, Plaintiff first counseled the subordinate employee by herself on January 25, 2021, with no one else, Ringel or otherwise, present. [Def. SOF #11-12].

On January 26, 2021, Chambers received a text message from Ringel advising that the Plaintiff had never contacted her (Ringel) about conducting the required counseling session. [Def. SOF #13]. Ringel then contacted Chambers by phone to report that Plaintiff had asked her (Ringel) to lie to Chambers that she (Ringel) had been present for the January 25, 2021 counseling session when she was not. [Def. SOF #14]. Plaintiff concedes that Chambers received these communications from Ringel, another Office Manager. [Def. SOF #15].

On January 26, 2021, Plaintiff conducted a second counseling session with the subordinate employee, this time having Yesenia Lopez, a dental assistant, present. [Def. SOF #16]. Lopez was not a manager. [Def. SOF #17]. Chambers never suggested Lopez or any other dental assistant sit in on the counseling session. [Def. SOF #18]. After the counseling session, Plaintiff drafted an email using Lopez's e-mail account and signed off as Lopez, "Thank you, Yesenia Lopez." [Def. SOF #19].

3

The email stated that Plaintiff counseled the subordinate employee on January 25, 2021 with Lopez present, which was not true because Plaintiff counseled the subordinate employee alone on January 25, 2021, and only had Lopez present during the January 26, 2021 counseling session. [Def. SOF #20]. Plaintiff was not aware of any requirement that a non-management level employee report to human resources about the outcome of any counseling session with a subordinate employee and Chambers did not request Lopez to send a summary of Plaintiff's counseling session. [Def. SOF #21-22].

Chambers then called Plaintiff and asked why Ringel was not present for the counseling session. [Def. SOF #23]. Following her investigation, Chambers terminated Plaintiff for failure to follow instructions of having a second manager present for the counseling session, asking Ringel to lie about being present at the counseling session, and sending an email through Lopez's email account that contained "falsified information" as to the date of the counseling session and who was present. [Def. SOF #24].

*No Comparable Employees*

The majority of employees at the Coldwater location throughout Plaintiff's employment with Familia were female. [Def. SOF #25]. As Plaintiff was the only Senior Office Manager for the Indiana region, there were no male employees similarly situated to the Plaintiff. [Def. SOF #26]. At the time of her termination, Plaintiff was not aware of any male Senior Office Manager and did not report to a male supervisor. [Def. SOF #27-28]. Moreover, Plaintiff is not aware of any other senior office manager who was involved in an incident where they draft an e-mail using a subordinate

4

employee's account, purporting to be authored by that subordinate employee, which email contained a misrepresentation as to when the counseling actually occurred and who was present. [Def. SOF #29].

*Pregnancy Was Not a Factor In Termination*

During Plaintiff's employment, Familia had pregnant employees. [Def. SOF #30]. Familia never disciplined or terminated those employees because they were pregnant, and the employees were permitted to take leave for their pregnancies and return to work following. [Def. SOF #31]. Plaintiff had requested to take leave for her pregnancy months prior to her termination, and Familia approved the requested leave, including scheduling a February 15, 2021 leave date. [Def. SOF #32]. Plaintiff's pregnancy was never mentioned as a basis for her termination. [Def. SOF #33].

## ARGUMENT

**I.    Standard for Summary Judgment**

Summary judgment is proper if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Hemsworth v. Quotesmith.com, Inc.*, 476 F.3d 487, 489-490 (7th Cir. 2007). In considering a motion for summary judgment, the district court is not required to scour the record in search of evidence to defeat the motion; rather, the nonmoving party must identify with reasonable particularity the evidence upon which the party relies. *Id.* A party who bears the burden of proof on a particular issue may not rest on its pleadings, but must affirmatively demonstrate, by specific factual allegations, that there is a genuine issue of material fact that requires trial. *Id.* A genuine issue of material fact exists "only if sufficient evidence favoring the nonmoving party exists to

permit a jury to return a verdict for that party." *Argyropoulos v. City of Alton*, 539 F.3d 724, 732 (7th Cir. 2008).

To successfully oppose a motion for summary judgment, the non-moving party must come forward with specific facts demonstrating that there is a genuine issue for trial. *Trask-Morton v. Motel 6 Operating L.P.*, 534 F.3d 672, 677 (7th Cir. 2008). The non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Indeed, "the mere existence of a scintilla of evidence in support of the [non-moving party's] position will be insufficient; there must be evidence on which the jury could reasonable find for the [non-moving party]." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 252 (1986)

## II.     Plaintiff Cannot Establish A Prima Facie Case

Plaintiff alleges that she was terminated on the basis of sex and pregnancy because she was terminated a week and a half before beginning her maternity leave. [Compl., ¶¶8-9, 11]. Under Title VII of the Civil Rights Act of 1964, an employer is prohibited from "discriminat[ing] against any individual with respect to his compensation, terms, conditions or privileges of employment because of such individual's … sex…." 42 U.S.C. § 2000e-2(a)(1). At the same time, the Pregnancy Discrimination Act of 1978 amended Title VII to apply to discrimination on the basis of pregnancy, childbirth, or other medical conditions relating to pregnancy or childbirth. *See* 42 U.S.C. § 2000e-(k). A plaintiff seeking to prove sex or pregnancy discrimination in employment under Title VII can proceed under either: (1) the direct method; or (2) the indirect, burden-shifting method set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973).

Plaintiff, here, attempts to rely upon the indirect method. [Compl., ¶11]. To establish gender or pregnancy discrimination under this method, a plaintiff must show: "(1) that she was a

6

member of a protected class; (2) that she was performing her job satisfactorily; (3) that she suffered an adverse employment action; and (4) that [her employer] treated a similarly-situated individual outside [her] protected class more favorably." *Arizanovska v. Wal-Mart Stores, Inc.*, 682 F.3d 698, 702 (7th Cir. 2012); *Kennedy v. Schoenberg, Fisher & Newman*, 140 F.3d 716, 723 (7th Cir. 1997).  Here, Plaintiff cannot establish prongs 2 or 4.

### i.     **Plaintiff Was Not Performing Her Job Satisfactorily**

Previously placed on a performance improvement plan while a manager, Plaintiff admits that Chambers, her supervisor, requested that she counsel a subordinate employee with, at minimum, another person present, and acknowledged that Chambers believes she requested another manager (Ringel) be present.  [Def. SOF #9-10].  Disregarding her manager's instruction, Plaintiff conducted the counseling session by herself on January 25, 2021. [Def. SOF #11-12].  Ringel then told Chambers that the Plaintiff had asked her to lie about having Ringel present on January 25, 2021 [Def. SOF #14-15]; Plaintiff then sent an email communication through a non-managerial employee's email, signing the employee's name, asserting that the non-manager was present for the counseling session on January 25, 2021, which was not true.  [Def. SOF #19-20].

By disregarding Chambers' instructions, conducting a second counseling session, and sending a communication through another employee's email that contained misleading information, Plaintiff failed to meet the performance expectations of her employer.

### ii.    **Familia Did Not Treat Similarly Situated Employees Differently**

In addition, Plaintiff cannot establish that any similarly situated employee was treated differently.  Plaintiff was the only Senior Office Manager for the Indiana region,

including that there was no male equivalent. [Def. SOF #26-27]. Accordingly, there were no male or non-pregnant employees similarly situated to the Plaintiff. Moreover, Plaintiff acknowledges that she is not aware of any other Senior Office Manager, male or female, who engaged in similar misconduct who was not terminated. [Def. SOF #29]. Because Plaintiff is unable to show that other similarly situated male or non-pregnant employees, who engaged in the same or similar conduct, were treated more favorably, the Plaintiff is unable to establish the fourth element of her prima facie case.

For these reasons, Plaintiff is unable to establish either the second and/or fourth elements required to establish a *prima facie* case of discrimination using the indirect method. *See, e.g., Kennedy v. Schoenberg, Fisher & Newman*, 140 F.3d 716, 726 (7th Cir. 1997) (affirming summary judgment for employer in pregnancy discrimination claim where plaintiff failed to establish *prima facie* case by failing to present evidence proving fourth element -- that others were similarly situated but not in protected class and treated more favorably). Accordingly, this Court's analysis may end here. *Mannie v. Potter,* 394 F.3d 977, 984 (7th Cir. 2005) (finding that a court need not reach the pretext analysis where plaintiff has not demonstrated a *prima facie* face).

**III.     Familia Had A Legitimate Reason For Terminating Plaintiff**

However, even if the Plaintiff could establish a *prima facie* case of discrimination (which she cannot), Familia is nevertheless entitled to summary judgment. Once a *prima facie* case is established, the burden shifts to the defendant to produce evidence of legitimate, non-discrimination reasons for its decision. *McDonnell Douglas,* 411 U.S. at 804. If Familia has such a reason, the Plaintiff must then show that the articulated explanation was, in fact, pretext (*i.e.,* a "lie, specifically a phony reason for some action"). *See Jackson v. E.J. Brach Corp.,* 176 F.3d 971 (7th Cir. 1999). To demonstrate pretext, the plaintiff must show that the employer's articulated

8

reason for its decision: (1) had no basis in fact; (2) did not actually motivate its decision; or (3) was insufficient to motivate its decision. *Grayson v. O'Neill*, 308 F.3d 808, 820 (7th Cir. 2002). In determining whether an employer's proffered reason for an employment action was pretextual, the court is not concerned with the correctness or desirability of the offered reasons, but whether the employer honestly believed in the reason it offered. *Id.*

Here, Plaintiff concedes that she failed to follow Chambers' instructions to have a second person present for the counseling session, much less the manager (Ringel) Plaintiff acknowledges Chambers believes instructing Plaintiff to have present. [Def. SOF #9-12]. Chambers then (1) received communications from Ringel that Plaintiff instructed Ringel to lie about her being present, and (2) learned that Plaintiff sent email communications through Lopez's account, attributed to Lopez, that misrepresented the date Plaintiff purportedly counseled the subordinate employee with Lopez present. [Def. SOF #14-15, 19-20]. Chambers reasonably believed Plaintiff was dishonest. The Plaintiff's misconduct, combined with Chambers' good faith belief that it occurred, is sufficient to provide a legitimate, non-discriminatory reason warranting termination, and the courts are not to scrutinize that decision making process or act as a super-personnel department. *See, e.g., Marshall v. Ind. Dep't of Corr.*, 973 F.3d 789, 793 (7th Cir. 2020) (affirming summary judgment, including finding that even if a *prima facie* case was shown, employer's stated reason for termination were not pretextual; court rejected employee's challenge to employer's investigation into employee's misconduct: "We are not a super human-resources department judging whether the investigation was exemplary"); *Dale v. Chicago Tribune Co.*, 797 F.2d 458, 464 (7th Cir. 1986) (affirming summary judgment; in rejecting employee's "self-interested assertions" to

"challenge the judgment of his superiors," court held, "This Court does not sit as a super-personnel department that reexamines an entity's business decisions"); *Chaib v. GEO Group, Inc.*, 92 F.Supp. 3d 829, 839 (S.D. Ind. 2015) (summary judgment granted for employer; court rejected employee's challenge to employer's determination that she fraudulently mislead them: "The court does not sit as a 'super-personnel' department to decide whether the business decisions of an employer are correct; the court's only concern is whether the employer honestly believed that reason.")

## CONCLUSION

Plaintiff cannot establish a *prima facie* case for her gender or pregnancy discrimination claims, and, regardless, Familia had legitimate, non-discrimination reasons for terminating her.

WHEREFORE, Defendant, Familia Dental Fort Wayne, PLLC, respectfully requests that this Court enter judgment in its favor and against Plaintiff, Ashley Tucker, finding: (1) Plaintiff's gender and pregnancy discrimination claims fail as a matter of law; and (2) for any other relief as this Court deems just and fair.

Familia Dental Fort Wayne, PLLC, Defendant

By:   *s/Shane C. Mulholland*
One of its attorneys

Shane C. Mulholland (smulholland@burblee.com)
Burt, Blee, Dixon, Sutton, Bloom
200 E. Main Street, Suite 100
Fort Wayne, IN 46802
260-426-1300 (telephone)
260-422-2722 (facsimile)

Alexander D. Marks (amarks@burkelaw.com) (*pro hac vice*)
Burke, Warren, MacKay & Serritella, P.C.
330 N. Wabash Avenue, Suite 2100
Chicago, IL 60611
(312) 840-7000 (telephone)
(312) 840-7900 (facsimile)
4872-1620-7667

**CERTIFICATE OF SERVICE**

    The undersigned attorney certifies that he caused a true and correct copy of the foregoing Defendant's Memorandum of Law in Support of Motion for Summary Judgment to be electronically filed in the United States District Court for the Northern District of Indiana through the CM/ECF system, which served a copy of the foregoing upon counsel of record on October 17, 2022.

    Christopher C. Myers
    Ilene M. Smith
    CHRISTOPHER C. MYERS & ASSOCIATES
    809 South Calhoun Street, Suite 400
    Fort Wayne, IN  46802
    cmyers@myers-law.com
    ismith@myers-law.com

                                                      s/*Shane C. Mulholland*