UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| ASHLEY TUCKER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:21-cv-00417-HAB-SLC |
| | ) |
| FAMILIA DENTAL | ) |
| FORT WAYNE, PLLC, | ) |
| | ) |
| Defendant. | ) |

## RESPONSE BRIEF IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Plaintiff, by counsel, pursuant to N.D. Ind. L.R. 56-1, now files and serves this Response Brief in Opposition to Defendant's Motion for Summary Judgment, as well as the materials that Plaintiff contends raise genuine disputes. An Appendix is made a part of this Response Brief which includes a section labeled "Statement of Genuine Disputes" that identifies the material facts that Plaintiff contends are genuinely disputed so as to make a trial necessary.

### I. STATEMENT OF GENUINE DISPUTES

Attached to this Response Brief is an Appendix: Statement of Genuine Disputes which identifies the materials that Plaintiff contends raise genuine disputes, and which identifies the material facts that Plaintiff contends are genuinely disputed so as to make a trial necessary.

### II. ARGUMENT

Plaintiff was fired on account of her pregnancy in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII"), as amended by the Pregnancy Discrimination Act of 1978 ("PDA"). Ashley Tucker was about eight-and-a-half months pregnant at the time of her termination, prior to which she had received no progressive discipline. In fact, Plaintiff's

termination occurred only a week-and-a-half prior to her scheduled pregnancy leave.  Defendant's stated reason for terminating Plaintiff cannot be believed.  Plaintiff disciplined an employee without having another salaried manager present, but immediately cured that minor offense by having a manager present during a subsequent counseling session with the offending employee. At the time of the first counseling, Familia Dental was short-staffed and there was not another person available to witness the counseling conversation.   Furthermore, Defendant did not follow its progressive disciplinary policy in terminating the Plaintiff, just one-and-a-half weeks prior to her scheduled maternity leave was to begin.  The timing is not merely suspicious; it shows causation.   There are genuine issues of material fact which preclude the entry of judgment in favor of the Defendant as a matter of law.   Defendant's stated reason for firing Plaintiff – falsification of information – is suspect, pretextual, mendacious, and contrived.   Finally, Plaintiff has produced comparable employees who were not terminated for interviewing another employee without a witness present, and/or who were not terminated for a first offense, but rather, were given multiple chances for redemption pursuant to Defendant's in-fact progressive disciplinary policy.

     A.    <u>Standard for Summary Judgment</u>

When reviewing a motion for summary judgment, the trial court must construe all facts and reasonable inferences from those facts in a light most favorable to the non-moving party. <u>Spier v. Rossman</u>, 798 F.3d 502, 507 (7th Cir. 2015).   See also <u>Frakes v. Peoria School Dist. No. 150</u>, 872 F.3d 545, 550 (7th Cir. 2017).   The trial court has only one task – to decide, based on the evidence of record, whether there is any material dispute of fact that requires a trial. <u>Waldridge v. Am. Heochst Corp.</u>, 24 F.3d 918, 920 (7th Cir. 1994).   If, after drawing all reasonable inferences from the facts in favor of the non-movant, genuine doubts remain and a

2

reasonable factfinder could find for the party opposing the motion, then summary judgment is inappropriate. Shields Enterprises, Inc. v. First Chicago Corp., 975 F.2d 1290, 1294 (7th Cir. 1992). The Seventh Circuit has recently determined in the context of employment discrimination cases that the trial court's job is to identify whether a reasonable factfinder could conclude that the plaintiff's race, ethnicity, sex, religion, or other proscribed factor caused the discharge, and if so, then summary judgment is inappropriate. See Johnson v. Advocate Health & Hosps. Corp., 892 F.3d 887, 893-94 (7th Cir. 2018).

      B.      Plaintiff Establishes a *Prima Facie* Case

The Pregnancy Discrimination Act amended Title VII to "clarify that pregnancy discrimination is included in Title VII's prohibition on sex discrimination." Ihardt v. Sara Lee Corp., 118 F.3d 1151, 1154 (7th Cir. 1997). The Pregnancy Discrimination Act amendments to Title VII defines "the terms 'because of sex' or 'on the basis of sex'" to include "because of or on the basis of pregnancy, childbirth…and women affected by pregnancy, child birth, or related medical conditions shall be treated the same for all employment-related purposes." 42 U.S.C. § 2000e(k).

In assessing whether a Title VII claim survives summary judgment, "there is a single inquiry, McKinney v. Office of Sheriff of Whitley Cty., 866 F.3d 803, 807 (7th Cir. 2017), which is whether the evidence would permit a reasonable factfinder to conclude that the plaintiff's…sex…or other proscribed factor caused the discharge or other adverse employment action." Ortiz v. Werner Enters., Inc., 834 F.3d 760, 765 (7th Cir. 2016). "[T]he sole question that matters [is] [w]hether a reasonable juror could conclude that [the plaintiff] would have kept his job if he had [not been a member of a protected class] and everything else had remained the

3

same." Ortiz, 834 F.3d at 764.  Whether Plaintiff relies on direct or circumstantial evidence, or a combination of the two, the court, in construing a summary judgment motion, must consider all admissible evidence to decide whether a reasonable jury could find that the plaintiff suffered an adverse action *because of* her [sex or other protected trait].  Carson v. Lake Cty. Ind., 865 F.3d 526, 533 (7th Cir. 2017).

In determining whether a plaintiff's pregnancy discrimination claim survives summary judgment, the court must consider the evidence as a whole to determine whether the full evidentiary picture permits a reasonable inference that plaintiff's sex or pregnancy, or maternity leave, caused defendant to treat plaintiff differently.  See Ortiz, 834 F.3d at 765; Troupe v. May Dep't. Stores Co., 20 F.3d 734, 737 (7th Cir. 1994).  In Ortiz, the Seventh Circuit jettisoned the diversions of strictly construing the "direct" and "indirect" methods of proof and homogenized them together, stating "evidence is evidence."  Ortiz, 834 F.3d at 765.  The court also made clear that the "convincing mosaic" reference was merely a metaphor rather than a separate legal requirement.  Id. at 765.  "[T]he line between circumstantial evidence under the direct method and indirect evidence of discrimination or retaliation under the burden-shifting approach has been blurred by the gradual integration of these methodologies."  Hutt v. AbbVie Products, LLC, 757 F.3d 687, 691 (7th Cir. 2014).  The Seventh Circuit held in Ortiz that "district courts must stop separating 'direct' from 'indirect' evidence and proceeding as if they were subject to different legal standards."  Ortiz, 834 F.3d at 765.  However, the Seventh Circuit made clear that the burden-shifting framework created by McDonnell Douglas Corp. v. Green, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973), was left undisturbed.  Id. at 766.

Turning our attention to the case *sub judice*, Tucker establishes her *prima facie* case.

4

Plaintiff was pregnant at the time of the alleged discriminatory act; she was performing her job satisfactorily (a matter that is contested); she was terminated which is an adverse employment action; and Familia treated similarly-situated individuals who were not pregnant more favorably (Yesenia met with Kirsten separately and was not terminated, and Sarah Farmwald had multiple violations/final warnings and was not terminated for a first offense as was the Plaintiff.)   See Arizanovska v. Wal-Mart Stores, Inc., 682 F.3d 698, 702 (7th Cir. 2012).   The "bowl of chili" evidence, whether direct or indirect, or a blend of the two, would permit a reasonable jury to determine that Familia discriminated against Tucker on the basis of her pregnancy.

    1.    <u>Satisfactory Job Performance</u>

It is both surprising and suspicious that Familia makes an effort to make out unsatisfactory job performance by first discussing Plaintiff's Performance Improvement Plan which occurred some four (4) years earlier in 2017, when Plaintiff was a new manager learning the position.   ((Def. Memo., p. 7.)   Of course, since that time, Plaintiff had been promoted to Senior Office Manager with a sizeable raise, indicating that Familia was more than satisfied with her work performance.   Regarding the counseling of Kirsten Richards, Plaintiff admits that she had a conversation with Ms. Richards at a time when they were both working near the front desk.   Plaintiff made no attempt to hide the fact that she conferenced with Ms. Richards as the e-mails and text messages make clear.   The one-on-one counseling error was cured when Plaintiff counseled Ms. Richards with another employee, Yesenia, who was the Lead Dental Assistant.   Plaintiff denies ever asking Ms. Ringle to tell Ms. Chambers that Ringle was present for the initial counseling session with Kirsten Richards.   (Pl. Depo., p. 49.)   The point is that the next day, whether it was January 25 or 26, 2021, Plaintiff sat down with Yesenia and Kirsten

5

Richards regarding the counseling session. All of this information was sent in an e-mail from Yesenia's computer by the Plaintiff with Yesenia's approval – except for the dates, whether it was January 25 or 26. Familia made a mountain out of a mole hill and manufactured misconduct on the part of the Plaintiff, including falsification of information, which was the pretextual reason tendered for terminating Plaintiff. Of course, Plaintiff had no incentive to lie about this, and Defendant's termination of the Plaintiff for such a minor infraction violated Defendant's in-fact Progressive Disciplinary Policy. See Stalter v. Wal-Mart Stores, Inc., 195 F.3d 285, 290 (7th Cir. 1999).

      2.      Similarly-Situated Employees Were Treated Preferentially

Another person, Miranda, met with Kirsten Richards separately and did not get fired. (Pl. Aff., ¶ 16.) Furthermore, Sarah Farmwald, who was a Senior Office Manager (in fact, Plaintiff took her place) was terminated, but only after *multiple* major violations, including producing fake doctor's notes and having to be off of work when, in fact, she was on vacation. (Id., ¶¶ 4-5.) As Plaintiff testified in her Affidavit, the in-fact custom and practice at Familia was not to terminate an employee for a first offense, often times not even for violating a "final warning", but rather, as in the cases of Kirsten Richards and Sarah Farmwald, they both got multiple chances to redeem themselves. On the other hand, Plaintiff, who was just about to take pregnancy and FMLA leave, was terminated for a single minor offense that was rectified the next day. A reasonable jury could find that Familia found the one-on-one counseling to be a convenient hook for Familia to express their discriminatory intent by terminating Plaintiff because of her pregnancy. "When temporal proximity is one of several tiles in an evidentiary mosaic depicting retaliatory motive…suspicious timing can sometimes raise an inference of a

causal connection. Loudermilk v. Best Pallet Co., LLC, 636 F.3d 312, 315 (7th Cir. 2011). "[A]n adverse action [which] comes so close on the heels of a protected act that an inference of causation is sensible." Hitchcock v. Angel Corps., Inc., 718 F.3d 733, 742 (7th Cir. 2013), citing Loudermilk, 636 F.3d at 315.

Another reason Familia's reason for termination – falsification of information – is so suspect is that Familia's *post hoc* efforts to substantiate that Tucker was a bad employee demonstrate the pretextual nature and mendacity of the termination. For example, consider Defendant's discovery responses, FA0001, Brittany Chambers' February 4, 2021 e-mail to Allison Geiken. In this e-mail, it is clear that Familia is looking for "dirt" on Ashley Tucker – Brittany Chambers apparently spoke with a host of employees and was apparently able to trump up claims of "unprofessionalism, ignoring employees' questions, punishing employees, was unsupportive of employees, unapproachable, instilled fearfulness into employees who feared retaliation," and found an employee willing to provide "much negative information regarding Ashley." One wonders how it was, then, that Ashley Tucker was elevated to Manager, and then Senior Office Manager with a substantial raise. Such evidence of the Defendant going out of its way to "develop" evidence that Tucker was a bad employee is, in and of itself, fishy evidence of discriminatory intent, i.e. terminating Plaintiff *because* of her pregnancy only a week-and-a-half prior to her going on maternity leave.

3. <u>Familia's Reason for Terminating Plaintiff was Pretextual, Contrived, and Mendacious</u>

A reasonable jury could believe that Defendant is attempting to find a way to terminate an employee about to go on pregnancy leave. As demonstrated in the section immediately above, Familia pounced on the one-on-one counseling infraction and morphed it into a lie/

7

falsification of evidence, and then terminated Plaintiff without a single verbal or written warning violating Familia's progressive disciplinary practices and procedures, i.e., for example giving Sarah Farmwald repeated chances to redeem herself regardless of the fact that she lied about a doctor's note and had received multiple final warnings.   Here, while conceding that she technically failed to have a second person present for the first counseling of Kirsten Richards (because it was convenient for her to do so while they worked up at the front desk together), she insists that this was not the real reason for terminating her.   Tucker alleges that the real reason for terminating her was her pregnancy – and the timeline suggests that to be true, only one-and-a-half weeks prior to her maternity leave.   Furthermore, there is no basis for Chambers to have believed that Plaintiff was being dishonest – why would she be?   She never tried to hide the fact that she counseled with Ms. Richards, and there was certainly no reward to Plaintiff lying to anyone about the first counseling, particularly when that was remedied by second counseling the next day that involved Yesenia Lopez participating.   Something does not add up – why would Familia jump on the counseling of an employee to terminate an employee?   The answer is Plaintiff was pregnant, and they terminated her right before her maternity leave.   A reasonable jury could determine that was the only logical explanation, particularly when Familia had an in-fact policy and procedure of repeatedly allowing employees to receive warnings before terminating them, whether or not that was in the Employee Handbook.

  III.  CONCLUSION

  Plaintiff establishes a *prima facie* case for gender/pregnancy discrimination.   Defendant's reasons are not only pretextual, but mendacious as well.   There are genuine issues of material fact which require this matter to be tried to a jury.

WHEREFORE, Plaintiff Ashley Tucker respectfully requests that the Court overrule and deny Defendant's Motion for Summary Judgment.

Respectfully submitted,

**MYERS SMITH WALLACE, LLP**

/s/ Christopher C. Myers
Christopher C. Myers, #10043-02
809 South Calhoun Street, Suite 400
Fort Wayne, IN 46802
Telephone: (260) 424-0600
Facsimile: (260) 424-0712
Email: cmyers@myers-law.com
*Counsel for Plaintiff*

## **CERTIFICATE OF SERVICE**

The undersigned hereby swears and affirms that a true and correct copy of the above was served electronically to all parties of record on the 28th day of December 2022.

/s/ Christopher C. Myers