UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| ASHLEY TUCKER, )<br>)<br>    Plaintiff, )<br>)<br>v. )<br>)<br>FAMILIA DENTAL )<br>FORT WAYNE PLLC, )<br>)<br>    Defendant. ) | Case No. 1:21-cv-00417-HAB-SLC |

**FAMILIA DENTAL'S REPLY IN SUPPORT OF**
**MOTION FOR SUMMARY JUDGMENT**

Defendant, Familia Dental Fort Wayne, PLLC ("Familia Dental"), by and through its attorneys, for its Reply in support of its Motion for Summary Judgment states:

**INTRODUCTION**

Plaintiff, in responding, wholly failed to follow L.R. 56-1(b), including (a) failing to respond to Familia Dental's statement of material facts, (b) failing to provide short statements of any claimed additional facts in numbered paragraphs, and (c) failing to clearly identify what Familia Dental submitted facts she contends are disputed and what additional material facts she contends are undisputed (*e.g.*, Plaintiff cites to documents produced by Familia Dental without identifying the significance attributed thereto). This failure should result in the admission of Familia Dental's facts as accepted as Court need not wade through improper denials searching for genuinely disputed facts. *See Little v. Cox's Supermarkets*, 71 F.3d 637, 641 (7th Cir. 1995) (District Court is not required to scour the record looking for factual disputes or scour a party's various submissions to piece together appropriate arguments to make the lawyer's case). In conjunction, Plaintiff also offers a "sham" affidavit that is repeatedly contradicted by her prior

1

deposition testimony and which lacks proper foundation, and therefore should be stricken or summarily ignored.

In her brief, Plaintiff concedes that she failed to follow her Regional Manager's instructions to counsel a subordinate employee with a witness present. She subjectively calls the infraction a "minor offense" – ignoring that her Regional Manager, at minimum, reasonably believed that the Plaintiff later attempted to cover up her offense by (a) asking another manager to lie about being present and (b) sending an email through a subordinate employee's email account, misrepresenting the date a second individual was present for the counseling. In support of her claims, the Plaintiff argues, without foundation or evidentiary support, that Familia Dental had a progressive discipline system that it failed to follow and that other employees, who are not similarly situated the Plaintiff, who she believes had performance issues but were not fired.

However, when stripped of all extraneous, unsupported and/or immaterial argument, Plaintiff is left only with the fact that she was scheduled to go on maternity leave two weeks after this performance incident. However, the law in this Circuit is clear that "suspicious timing, alone, is insufficient to create a fact question where there are reasonable, non-suspicious explanations for the timing of [the] termination." *Morgan v. SVT, LLC*, 724 F.3d 990, 998 (7th Cir. 2013). Those non-suspicious explanations are present here, and tellingly Plaintiff has admitted that during her employment, Familia Dental had other pregnant employees who were not disciplined or terminated because they were pregnant and were granted leave for their pregnancies, as was the Plaintiff, and who return to work following their leave. For these reasons and as further set forth below, there is no triable issue of material fact and summary judgment is proper as to all of the Plaintiff's claims.

**ARGUMENT**

2

I.  **Plaintiff Failed To Adhere To L.R. 56-1(b) Requirements Which Should Result In The Admission of Familia Dental's Statement of Facts.**

In responding to Familia Dental's Summary Judgment Motion, Plaintiff filed a Response Brief and an "Appendix: Statement of Genuine Disputes," neither of which addresses Familia Dental's L.R. 56-1(a)(3) "Statement of Material Facts". Plaintiff failed to adhere to L.R. 56-1(b)(2)(A)-(C) which requires a response to Familia Dental's Statement of Material Facts, including a verbatim restatement of the material facts set forth and a correspondingly numbered response immediately following each paragraph, much less evidence supporting each disputed fact. Further, the Plaintiff's "Statement of Genuine Disputes" fails to comport with L.R. 56-1(b)(2)(D)(i) in that each numbered paragraph does not contain a short statement of fact, and beginning on page 7, Section "B", through page 15, her submission does not contain numbered paragraphs, much less short statements of fact. Plaintiff also fails to identify what additional material facts she contends are undisputed (*e.g.*, she cites to documents produced in discovery without identifying the significance attributed thereto).

The result of Plaintiff's failure to adhere to L.R. 56-1(b) is that Familia Dental's version of facts should be accepted as true. *See Massengale v. Walgreen Co.*, 2:19-cv-409-TLS, 2022 U.S. Dist. LEXIS 136016, *2, n. 1 (N.D. Ind. Aug. 1, 2022) (finding failure to adhere to local rules resulted in acceptance of defendant's facts as undisputed); *Smith v. Lamz*, 321 F.3d 680, 683 (7th Cir. 2003) ("We have consistently held that a failure to respond by the nonmovant as mandated by the local rules results in an admission. A district court is not required to wade through improper denials and legal argument in search of a genuinely disputed fact.") (internal citation omitted); *Buckley v. S.W.O.R.N. Prot. LLC*, 20-cv-357-HAB, 2022 U.S. Dist. LEXIS 178553, *2, n.1 (N.D. Ind., Fort Wayne Division, March 31, 2022) ("In their response brief, Defendants make no attempt to comply with … N.D. Ind. L.R. 56-1(b). … Given the complete absence of any attempt to comply

3

with the applicable rules, the Court accepts the properly supported facts in [movant's] filing as true."); *Borondy v. Draher*, 20-cv-02158-JMS-MG, 2022 U.S. Dist. LEXIS 4262, *3 (S.D. Ind. Jan. 10, 2022) ("Where a party fails to … properly address another party's assertion of fact, the Court may consider the fact undisputed for purposes of the summary judgment motion."); *Srivastava v. Indiana Pers. Dep't.*, 99-1031-C-T/G, 2000 U.S. Dist. LEXIS 13671, *6 (N.D. Ind. Sept 19, 2000) ("[Plaintiff's] submission in response to [Defendant's] summary judgment motion fall woefully short of L.R. 56.1 requirements.  He has not filed a Response to Statement of Material Fact; rather, he filed a document entitled, "Plaintiff's Statement of Genuine Issues of Material Fact."  This document does not meet L.R. 56.1(b)'s requirements: It does not contain a response to each material fact asserted… . Consequently, the court assumes that the facts … are admitted.")

II.     **Plaintiff Offers A Sham Affidavit Contradicted By Her Prior Deposition Testimony And Lacking Foundation Which Statements Should Be Stricken or Summarily Ignored.**

In conjunction with failing to meet the requirements of L-R 56.1, Plaintiff offers a sham affidavit which lacks proper foundation.  "In this circuit the sham-affidavit rule prohibits a party from submitting an affidavit that contradicts the party's prior deposition or other sworn testimony. … The organizing principle of our sham-affidavit practice is simply stated: a genuine issue of material fact cannot be conjured out of nothing.  We adopted the sham affidavit rule to weed out unfounded claims, specious denials, and sham defenses." *James v. Hale*, 959 F.3d 307, 316 (7th Cir. 2020) (internal citation omitted).  Similarly, an affidavit in response to summary judgment must establish a foundation for any assertion and a court "must not consider those parts of an affidavit" that are "lacking in foundation" and/or "are insufficient under Rule 56(e)." *Caldwell-Gadson v. Thomson Multimedia, S.A.*, IP 99-1734-C-T/G, 2001 U.S. Dist. LEXIS 18183, *10, n.4 (S.D Ind. September 18, 2001) (internal citation omitted).

4

In this case, paragraphs 4-5, 9-10, and 15-17 of Plaintiff's affidavit [Dkt. 25-1] all violate those rules. For example, in paragraph 5, Plaintiff asserts:

> Sarah Farmwald was given many chances to redeem herself as a result of the multiple violations and infractions while at Familia Dental. I have since learned this is called "progressive discipline" and that was the actual practice at Familia Dental – nobody was fired for a first infraction, and in fact, Sarah, like others, was given multiple chances to correct and remedy their performance before being fired.

However, Plaintiff was asked at her deposition about her claim there was a progressive discipline policy in place at the time of her termination, and, despite being a "senior" manager, lacked personal knowledge of any such policy:

> Q: I'm talking about at the time you were terminated on February 4, 2021 …
> ***
> Q: And I'm asking you, do you know one way or another whether or not there was a policy in place that required following progressive discipline before going to termination?
>
> A: Just by word of mouth.

[Motion, Ex. 1, pp. 73:6-18].[1] Plaintiff cannot now aver, without any evidence whatsoever, this was the actual practice at Familia Dental. Nor is there any foundation for (a) how the Plaintiff was familiar with Farmwald's (her former supervisor) performance and/or discipline, nor provides any evidentiary support for these statements, nor (b) her claim that "nobody" at Familia Dental has ever been fired after a first infraction. Further, paragraphs 18-19 of the affidavit contain impermissible argument (*e.g.*, "these 'parade of horribles' are simply lies," "I believe I was discriminated against"). These self-serving, conclusory affidavit statements should be stricken and/or summarily disregarded.

---

[1] In her affidavit, Plaintiff, in contradictory fashion, asserts there was no uniform approach to discipline. [Dkt. 25, para. 8].

**III.    Plaintiff Admits Failing To Follow Her Regional Manager's Instructions.**

Plaintiff concedes that she failed to follow her Regional Manager's (Brittany Chambers) direct instructions to have (at minimum) another witness present while disciplining a subordinate employee.  [Response, p. 2 ("Plaintiff disciplined an employee without having another salaried manager present"), p. 8 ("while conceding that she technically failed to have a second person present for the first counseling of Kirsten Richards")].

It is further established that: (1) another manager, Ringel, contacted Chambers and informed her that Plaintiff had asked her to lie to Chambers that another manager had been present for the January 25, 2021 counseling session when she was not [Familia SOF 14]; (2) after Ringel refused to lie, on January 26, 2021 the Plaintiff conducted a second counseling session, this time having Yesenia Lopez, a subordinate dental assistant, who was not a manager [Familia SOF 16-17]; and (3) after the second counseling session, Plaintiff drafted an email using Lopez's e-mail account, signing Lopez's name, stating that Plaintiff counseled the employee on January 25, 2021 with Lopez present, which was not true because Plaintiff counseled the employee alone on January 25, 2021, and only had Lopez present during the January 26, 2021 counseling session [Familia SOF 19-20].  Familia Dental had a legitimate, non-discriminatory reason for firing the Plaintiff.

Even if the Plaintiff denies asking Ringel to lie and even if the incorrect date in the e-mail typed by the Plaintiff, which was drafted utilizing Lopez's email account and sent under Lopez's name, was intentional or not, is immaterial.  Plaintiff admits she to follow Chambers' instructions, and Chambers *reasonably believed* Plaintiff was dishonest as to her conduct, including taking multiple steps to cover up her performance failure.  Plaintiff argues that this was just a "minor offense" and that Familia Dental "made a mountain out of a mole hill" [Response, pp. 2, 6), but failed to address the law Familia Dental cited in its opening brief [Motion, pp. 9-10] that courts do

6

not sit as super-personnel departments and cannot second guess a business's judgment, reasonably held, as to appropriate discipline.[2]

Instead, Plaintiff first argues that Familia Dental did not "follow its progressive disciplinary policy." [Response, p. 2]. However, as set forth above, *supra.* at II, Plaintiff offers no admissible evidence of such practice. And even if Familia Dental had a progressive disciplinary policy, Familia Dental was not required to follow it, and the failure to follow each and every step of a progressive disciplinary system does not amount to unlawful discrimination. *Skotnik v. Moraine Anderson v. Stauffer Chemical Co.*, 965 F.2d 397, 403 (7th Cir. 1992) (holding that employer with progressive discipline policy was not required to use it); *Randall v. Unitech Systems, Inc.*, 243 F.Supp. 2d 822, 832 (N.D. Ill. 2003) (employer's failure to follow progressive discipline program, without some doubt raised as to its genuineness for not doing so, does not imply discrimination); *Barakat v. Taco Bell, Inc.*, 970 F. Supp. 634, 640 (N.D. Ill. 1997) (even where a progressive discipline program exists, it is at the employer's discretion how and if to use that policy); *Valley Community College*, 15-cv-11619, 2017 U.S. Dist. LEXIS 156940, *10 (N.D. Ill. Sept. 26, 2017) (summary judgment granted, including where plaintiff "has not identified any evidence establishing that [defendant] had a uniformly applied progressive discipline system"). Regardless, Plaintiff admits previously being "placed on a Performance Improvement Plan," [Dkt. 26-1, para.

---

[2] *Marshall v. Ind. Dep't of Corr.*, 973 F.3d 789, 793 (7th Cir. 2020) (affirming summary judgment, including finding that even if a *prima facie* case was shown, employer's stated reason for termination were not pretextual; court rejected employee's challenge to employer's investigation into employee's misconduct: "We are not a super human-resources department judging whether the investigation was exemplary"); *Dale v. Chicago Tribune Co.*, 797 F.2d 458, 464 (7th Cir. 1986) (affirming summary judgment; in rejecting employee's "self-interested assertions" to "challenge the judgment of his superiors," court held, "This Court does not sit as a super-personnel department that reexamines an entity's business decisions"); *Chaib v. GEO Group, Inc.*, 92 F.Supp. 3d 829, 839 (S.D. Ind. 2015) (summary judgment granted for employer; court rejected employee's challenge to employer's determination that she fraudulently mislead them: "The court does not sit as a 'super-personnel' department to decide whether the business decisions of an employer are correct; the court's only concern is whether the employer honestly believed that reason.").

3], which stated "[f]ailure to address these issues will result in further disciplinary actions that may include termination." [Familia SOF 8].

Plaintiff also argues that there were three comparable employees who were purportedly treated differently. However, none were similarly situated. Plaintiff first asserts that "[a]nother person, Miranda, met with Kirsten Richards separately and did not get fired." [Response, p. 6].[3] Setting aside that Chambers asked the *Plaintiff*, not Miranda Ringel, to counsel Richards, the Plaintiff provides no facts or foundation for how she knows about any alleged conversation between Ringel and Richards, which allegedly occurred at a separate location, nor can she detail the circumstances surrounding the alleged conversation including whether Ringel was directed by her manager to meet with Richards with another person present. Moreover, there is no record evidence that that Ringel engaged in the same deceptive acts in an attempt to cover up her failure to follow her manager's directive which included utilizing a subordinate employee's email account to create a fraudulent communication. Of note is that the Plaintiff did not offer Ringel, who was merely a junior office manager and the Plaintiff's subordinate [*id.*, p. 24:4-8], as a potential comparable employee during her deposition [Motion, Ex. 1, pp. 70:10-74:8]. Ringel is not similarly situated to the Plaintiff.

The Plaintiff next asserts that "Sarah Farmwald … was a Senior Office Manager [who] was terminated, but only after *multiple* major violations… ." [Response, p. 6 (emph. in original)]. However, the Plaintiff again provides no detail as to the nature of "major violations", provides no foundation for how she was familiar with Farmweld's (her former supervisor) performance and/or discipline, and provides no evidentiary support for her statements. Regardless, Plaintiff

---

[3] Earlier in the brief, Plaintiff asserts "Yesenia [Lopez] met with Kirsten separately and was not terminated." [Response, p. 5]. It is assumed this is a typo and intended to assert, "Miranda" Ringel met with Richards.

acknowledged during her deposition that Farmweld was not involved in any way in the incident that led to her termination [Motion, Ex. 1, pp. 94:4-15] and conceded that there were no other senior office managers (including Farmweld) who were involved in any incident where, like the Plaintiff, they drafted an e-mail using a subordinate employee's account, purporting to be authored by that subordinate employee, containing misrepresentations. [*Id.*, p. 75:11-16]. Accordingly, Farmweld was not similarly situated to the Plaintiff.

Lastly, Plaintiff asserts Kirsten Richards also "got multiple chances" after performance issues. [Response, p. 6]. While never elaborating what the multiple issues purportedly were, Plaintiff nonetheless admitted during her deposition that Richards was a subordinate employee [Motion, Ex. 1, pp. 70:10-71:4] and thus not similarly situated to the Plaintiff.

Moreover, the Plaintiff's proffered comparator evidence amounts to unsupported assertions rife with speculation and conjecture - and which lack proper foundation. In this regard, the Plaintiff's self-serving statements should not be considered on summary judgment. *Haywood v. Lucent Technologies, Inc.,* 323 F.3d 524, 533 (7th Cir. 2003) (inadmissible evidence will not overcome a motion for summary judgment); *Liu v. T & H Machine, Inc.,* 191 F.3d 790, 796 (7th Cir. 1999) (a party must present more than mere speculation or conjecture to defeat a summary judgment motion); *Bombard v. Fort Wayne Newspapers, Inc.,* 692 F.3d 560, 563 (7th Cir. 1996) (The evidence relied upon when opposing a summary judgment motion must be competent evidence of a type otherwise admissible at trial). The Plaintiff has not offered any admissible evidence in support of her claims.

**IV.   The Timing Of The Plaintiff's Termination Alone Is Insufficient To Survive Summary Judgment.**

Stripped of the unsupported and immaterial arguments, the *only* evidence Plaintiff presents to oppose summary judgment is the timing of her termination. However, the Seventh Circuit has

held repeatedly that "suspicious timing, alone, is insufficient to create a fact question where there are reasonable, non-suspicious explanations for the timing of [the] termination." *Morgan* 724 F.3d at 998 (7th Cir. 2013) (affirming summary judgment where employee "lean[ed] heavily on the 'suspicious timing' of his termination," but employee did not dispute he failed to perform required work); *Tomanovich v. City of Indianapolis*, 457 F.3d 656, 665 (7th Cir. 2006) (suspicious timing alone insufficient to create a triable issue); *Wyninger v. New Venture Gear, Inc.,* 361 F.3d 965, 981 (7th Cir. 2004) ("it is clear that mere temporal proximity is not enough to establish a genuine issue of material fact.").

Here, Familia Dental has provided a reasonable non-suspicious explanation for the timing – Plaintiff, a Senior Office Manager, failed to follow her regional manager's instructions, and that supervising manager reasonably believed Plaintiff engaged in conduct attempting to cover up that failure by asking another manager to lie and by typing up an email on a subordinate employee's email account which email contained gross misrepresentations. Plaintiff's threadbare argument that the only "logical" explanation for her termination was her pregnancy [Response, p. 6], is belied by the facts as well as her concessions that during her employment, Familia Dental had other pregnant employees who were never disciplined or terminated and who were permitted to take leave for their pregnancies and return to work following such leave. [Familia. SOF #30-32].

## **CONCLUSION**

Plaintiff failed to properly respond to Familia Dental's Motion for Summary Judgment, including not responding to Familia Dental's Statement of Material Facts, which should result in those facts being deemed admitted. Plaintiff further offered a sham affidavit, contradicting prior

deposition testimony which lacks proper foundation, which should be stricken or summarily ignored.

Conceding that she failed to follow her manager's direct instructions, the Plaintiff claims, without support, that Familia Dental failed to follow a progressive discipline system and that other employees were treated differently.  However, the Plaintiff has failed to establish that Familia Dental maintains a progressive disciplinary policy, and assuming arguendo Familia Dental has such a policy, Familia Dental has the discretion to deviate from such a system at its discretion.  As for the Plaintiff's comparator evidence, it is clear that none of the employees identified by the Plaintiff are truly similarly situated.  When stripped of all extraneous, unsupported and immaterial arguments, Plaintiff is left only with purported suspicious timing, which, alone, is not sufficient to survive summary judgment.  Familia Dental's termination decision was based on the Plaintiff's admitted failure to follow her regional manager's instructions and the reasonable belief that she lied to cover it up.  For these reasons, summary judgment is proper.

        Familia Dental Fort Wayne, PLLC, Defendant

        By:   */s/ Shane C. Mulholland*
              One of its attorneys

Shane C. Mulholland (smulholland@burblee.com)
Burt, Blee, Dixon, Sutton, Bloom
200 E. Main Street, Suite 100
Fort Wayne, IN 46802
(260) 426-1300 (telephone) / 260-422-2722 (facsimile)

Alexander D. Marks (amarks@burkelaw.com) (*pro hac vice*)
Burke, Warren, MacKay & Serritella, P.C.
330 N. Wabash Avenue, Suite 2100
Chicago, IL 60611
(312) 840-7000 (telephone) / (312) 840-7900 (facsimile)

## **CERTIFICATE OF SERVICE**

      The undersigned attorney certifies that he caused a true and correct copy of the foregoing Defendant Familia Dental's Reply in Support of Motion for Summary Judgment to be electronically filed in the United States District Court for the Northern District of Indiana through the CM/ECF system, which served a copy of the foregoing upon counsel of record on January 11, 2023.

Christopher C. Myers
Ilene M. Smith
CHRISTOPHER C. MYERS & ASSOCIATES
809 South Calhoun Street, Suite 400
Fort Wayne, IN  46802
cmyers@myers-law.com
ismith@myers-law.com

                                                                          /s/ *Shane C. Mulholland*